UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CORDERALL J CHARLES**                         CASE NO. 6:22-CV-01747

**VERSUS**                                      JUDGE ROBERT R. SUMMERHAYS

**GEICO CASUALTY CO**                           MAGISTRATE JUDGE CAROL B. WHITEHURST

### REPORT AND RECOMMENDATION

Before the Court is GEICO Casualty Company's Motion to Show Cause on GEICO's Exceptions of Improper Venue, Prescription, No Cause/Right of Action, and Vagueness/Ambiguity (Rec. Doc. 5). Plaintiff, proceeding *pro se*, opposed the motion (Rec. Doc. 10), and GEICO replied (Rec. Doc. 16). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that GEICO's motion be granted in part and denied in part and that Plaintiff's claims be dismissed.

### Factual Background

Plaintiff, a resident of Iberia Parish and proceeding *pro se*, filed this suit in state court against GEICO based on a May 11, 2020 auto accident in Lafayette Parish. This is Plaintiff's second of two suits he filed as a result of the accident. He

first filed suit against the defendant driver, Steven Raggio, and GEICO, as Raggio's liability insurer, in Iberia Parish, Louisiana (16th Judicial District) on May 10, 2021. (Rec. Doc. 5-3). In ruling on GEICO and Raggio's exceptions in August 2021, the Iberia Parish court dismissed Plaintiff's claims as prescribed, improperly served, and filed in an improper venue. (Rec. Doc. 5-5).

Plaintiff then filed this suit on May 5, 2022, in Lafayette Parish (15th Judicial District) against GEICO only alleging that GEICO adjusters delayed his claims process and otherwise acted in bad faith in handling his claim for injuries following the accident. (Rec. Doc. 1-1, p. 1-4). GEICO was served on May 18, 2022 and responded to Plaintiff's suit with exceptions of improper venue, prescription, vagueness and/or ambiguity, and no cause/no right of action. (Rec. Doc. 1-1, p. 21).

On June 21, 2022, GEICO removed the suit based on Plaintiff's responses to requests for admission that his damages exceeded $75,000. (Rec. Doc. 21). GEICO now seeks to dismiss Plaintiff's suit on the grounds that it was filed in the improper venue, that it is prescribed, and that Plaintiff has no cause/right of action under Louisiana's insurance bad faith statutes.

## Law and Analysis

Although GEICO's motions are reiterations of its state court exceptions, this Court must apply federal procedural rules and Louisiana substantive law. *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007). Thus, the Court

construes GEICO's motion as a motion to dismiss pursuant to Rule 12(b)(3) for improper venue and pursuant to Rule 12(b)(6) for failure to state a claim.

### I. GEICO's Rule 12(b)(3) Motion to Dismiss for Improper Venue.

In considering a motion to dismiss for improper venue under F.R.C.P. Rule 12(b)(3), the court may consider (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009). The court must review all facts in the light most favorable to the plaintiff. *Id*. at 237. If the court finds that venue is improper, §1406(a) requires the court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> 28 U.S.C. § 1391(b) establishes three categories of proper venue:
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

GEICO, the only defendant, is not a resident of Lafayette Parish or the Western District of Louisiana. (See Rec. Doc. 1, ¶4 indicating GEICO is a citizen of Maryland and Washington, DC.) Thus, (b)(1) does not apply. Under (b)(2), "for venue purposes, it is sufficient that a substantial part of the events occurred in this district, even if a greater part of the events occurred elsewhere." *Burkitt v. Flawless Recs., Inc.,* No. CIV. A. 03-2483, 2005 WL 6225822, at *6 (E.D. La. June 13, 2005). The underlying accident occurred in Lafayette Parish, and Plaintiff claims that GEICO wrongfully adjusted his claims, presumably asserted from his residence in Iberia Parish. Both Lafayette and Iberia Parishes are in this District. Therefore, the Court is unwilling to dismiss the suit on the grounds of improper venue. To the extent GEICO relies on Louisiana venue rules to argue that venue in Lafayette Parish was improper, the Court is constrained to apply federal procedural rules. Regardless, the Court does not find that Lafayette Parish would be an improper venue, because the underlying accident from which Plaintiff's current claims ultimately stem occurred in Lafayette Parish.

## II. GEICO's Rule 12(b)(6) Motion to Dismiss.

GEICO next moves to dismiss Plaintiff's bad faith claims as prescribed and as legally foreclosed by Louisiana law interpreting the bad faith statutes. When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including

any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are

5

referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Therefore, the Court shall consider the pleadings associated with Plaintiff's prior lawsuit as public record.

### A. **Whether Plaintiff's claims are prescribed.**

GEICO first contends that Plaintiff's claims under the bad faith statutes are prescribed. This court, interpreting Louisiana law, has held that third-party insurance claims such as this are classified as tort claims subject to a one-year prescriptive period for delictual actions. *Aspen Specialty Ins. Co. v. Tech. Indus., Inc.,* No. 6:12-CV-02315, 2015 WL 339598, at *2 (W.D. La. Jan. 22, 2015).

The underlying accident occurred on May 11, 2020. Plaintiff's claims for alleged damages resulting from that accident were dismissed as prescribed and filed in the improper venue, a result which he blames on GEICO's adjusters. Plaintiff alleges that GEICO adjusters corresponded with him about his claim between January 2021 and April 2021. He further alleges that an adjuster gave him the wrong service information on May 10, 2021. (Rec. Doc. 1-1, p. 2-3). He filed this suit on

May 5, 2022, and GEICO was served on May 18, 2022. (Rec. Doc. 1-1). Although the suit does not appear to be facially prescribed, GEICO argues that Plaintiff's suit was filed in the improper venue and was not timely served. Louisiana Civil Code article 3462 provides that if an action is commenced in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. As discussed above, the Court is unwilling to find venue improper. But for the underlying accident which occurred in Lafayette Parish, Plaintiff would not have the claims he now asserts. Thus, the Court does not recommend dismissal on prescription grounds at this stage of the proceedings based on the pleadings alone.

### B. Whether Plaintiff has stated a claim under La. R.S. 22:1973 or 22:1892.

GEICO next seeks to dismiss Plaintiff's claims as unsupported by his allegations. Plaintiff attempts to assert claims for bad faith damages under Louisiana's insurance bad faith statutes, La. R.S. 22:1973 and 22:1892. Third-party claimants (those who are not insured by the insurance contract), such as Plaintiff, have only limited claims under these statutes. Under 22:1973(B), third-party claimants may only assert claims for the following causes of action:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

7

(4) Misleading a claimant as to the applicable prescriptive period.[1]

*Lee v. Sapp*, 2017-0490 (La. App. 4 Cir. 12/6/17), 234 So. 3d 122, 132–33, *writ denied,* 2018-0044 (La. 3/2/18), 269 So. 3d 709.

Plaintiff's allegations do not support a claim under 22:1973(B)(1), (2), or (4). Plaintiff alleges generally that GEICO adjusters delayed the handling of his claim and offered less money than his claim was worth. Although he alleges that an adjuster gave him the wrong company name and wrong address, he does not allege that GEICO misrepresented any facts related to coverage or the one-year prescriptive period. Based on Plaintiff's allegations, GEICO did not dispute coverage, and Plaintiff was aware of the one-year prescriptive period. Plaintiff's conclusory allegations of "willful[] delay and misrepresentation of facts surrounding information of GEICO" (Rec. Doc. 1-1, p. 3) are insufficient under Rule 12(b)(6). Therefore, the Court finds that Plaintiff has failed to state a claim under La. R.S. 22:1973.

La. R.S. 22:1892 likewise recognizes a third-party's limited right of action against an insurer. La. R.S. 22:1892(A)(2) provides that insurers "shall pay the amount of any third party property damage claim and of any reasonable medical

---

[1] The remaining provisions of La. R.S. 22:1973(B), (3), (5), and (6), do not apply to this case. See *Lee v. Sapp, supra*.

8

expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant." Absent a failure to timely pay bona fide property damages or medical expenses after perfection of a written settlement agreement, the insurer is not liable for bad faith penalties under the statute. Plaintiff's allegations do not show that he entered into a written settlement agreement with GECIO. Contrarily, he alleges that GEICO gave him a settlement offer, that he responded with a counteroffer, but that the GEICO adjuster did not accept his counteroffer. (Rec. Doc. 1-1, p. 2-4). Thus, the Court finds that Plaintiff has not stated a claim under La. R.S. 22:1892.

Having found that Plaintiff failed to state claims under Louisiana's insurance bad faith laws, the Court declines to address GEICO's motion styled as an exception of vagueness/ambiguity.

## Conclusion

For the reasons discussed herein, the Court recommends that GEICO Casualty Company's Motion to Dismiss for Improper Venue and for Failure to State a Claim (erroneously styled as a Motion to Show Cause on GEICO's Exceptions of Improper Venue, Prescription, No Cause/Right of Action, and Vagueness/Ambiguity) (Rec. Doc. 5) be GRANTED IN PART and DENIED IN PART. The Motion should be granted to the extent GEICO seeks to dismiss Plaintiff's claims for failure to state claims for bad faith under La. R.S. 22:1973 and 1892. The Motion is denied in all

9

other respects. Accordingly, the Court recommends that Plaintiff's complaint be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of November, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE