UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CORDERALL J CHARLES**           **CASE NO. 6:22-CV-01747**

**VERSUS**                        **JUDGE ROBERT R. SUMMERHAYS**

**GEICO CASUALTY CO**             **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is GEICO Casualty Company's Motion to Strike and Dismiss for Improper Joinder (Rec. Doc. 7). Plaintiff opposed in a pleading styled "Motion to dismiss defendants [sic] Motion to Strike and Dismiss for Improper Joinder" (Rec. Doc. 9). GEICO replied and/or opposed Plaintiff's motion to dismiss (Rec. Doc. 17).

Plaintiff filed this suit on May 5, 2022 in Lafayette Parish (15th Judicial District) against GEICO alleging that GEICO adjusters delayed his claims process and otherwise acted in bad faith in handling his claim for injuries following a May 2020 accident. (Rec. Doc. 1-1, p. 1-4). On June 20, 2022, Plaintiff moved to amend his suit in state court to add the other driver in the underlying accident (GEICO's insured), Steven Raggio, as defendant. (Rec. Doc. 1-1, p. 25). On that same day, Plaintiff moved in state court to transfer the suit "to the proper court of jurisdiction." (Rec. Doc. 1-1, p. 33). The next day, on June 21, 2022, GEICO removed the suit

based on Plaintiff's responses to requests for admission that his damages exceeded $75,000. (Rec. Doc. 21). GEICO submits that after filing its notice of removal, the state court granted Plaintiff's motion for leave to amend to add Raggio as a defendant and Plaintiff's motion to transfer venue. (See Rec. Doc. 7-2, p. 3-5 and documents cited therein).

28 U.S.C. §1446(d) provides that promptly after the filing of a notice of removal with the clerk of the state court, thereby effecting the removal, the State court shall proceed no further unless and until the case is remanded. The evidence shows that GEICO electronically filed its notice of removal in state court on June 21, 2022 at 12:49 p.m. (Rec. Doc. 7-9). The state court signed an order allowing Plaintiff's amendment and granting his motion to transfer at 2:34 p.m. (Rec. Doc. 7-10; 7-11). Hence, these orders, signed subsequent to the removal, are without effect.

Regardless, the Court agrees that Plaintiff's purported addition of Raggio, a nondiverse defendant, constitutes improper joinder. To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). See also *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). GEICO contends

that Plaintiff is unable to establish a cause of action against the nondiverse Raggio. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood, supra.* In deciding whether a party was improperly joined, the court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Gasch*, *supra*, citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005).

Plaintiff's purported amended complaint does not assert any specific claims against Raggio. Rather, the amended complaint is merely Plaintiff's bad faith claims against GEICO reiterated, with Raggio named in an obvious attempt to defeat diversity. Indeed, bad faith claims arise only by virtue of GEICO's status as an insurer. Plaintiff has not cited and the Court is unaware of any law imposing a duty of good faith claims adjustment upon an alleged tortfeasor. Otherwise, Plaintiff has not asserted any facts against Raggio which could give rise to his asserted claims. Therefore, the Court finds that Plaintiff's amended complaint does not defeat GEICO's removal.

Accordingly,

IT IS ORDERED that GEICO Casualty Company's Motion to Strike and Dismiss for Improper Joinder (Rec. Doc. 7) is DENIED WITHOUT PREJUDICE,

as the post-removal pleadings in state court which GEICO seeks to strike were not filed in these federal court proceedings and are without effect.

IT IS FURTHER ORDERED that Plaintiff's pleading styled "Motion to dismiss defendants [sic] Motion to Strike and Dismiss for Improper Joinder" (Rec. Doc. 9) is DENIED. The motion is construed as an opposition to GEICO's Motion to Strike and Dismiss for Improper Joinder.

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of November, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE